NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANJANA ARLETH PASTOR GALLO; J.M.,<br><br>        Petitioners,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>        Respondent. | No. 24-5039<br><br>Agency Nos.<br>A241-899-126<br>A241-899-127<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 14, 2025**
Seattle, Washington

Before: HAWKINS, McKEOWN, and WARDLAW, Circuit Judges.

Danjana Arleth Pastor Gallo and her minor daughter (Petitioners), natives

and citizens of Peru, seek review of the final removal order from the Board of

Immigration Appeals (BIA).  The BIA affirmed the decision of the immigration

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judge (IJ) to deny asylum, statutory withholding of removal, and protection under the regulations implementing the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

Where, as here, the BIA reviews the factual findings and legal conclusions of the IJ, rather than adopting the IJ's decision in full, our review is limited to the BIA's decision wherever the IJ's opinion is not expressly adopted. *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021) (citation omitted). We review the BIA's legal conclusions de novo, and we review the agency's factual findings for substantial evidence. *Id.* (citations omitted). Under the substantial evidence standard, "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

Substantial evidence supports the BIA's determination that Pastor Gallo did not demonstrate a sufficient nexus between her alleged persecution and a protected ground.[1] Nothing in the record indicates that her aggressors pointed a knife in her face and hit her on the head because of her gender or her domestic relationship to her partner Carlos Gabriel Melgarejo. And although these attackers did express

---

[1] The BIA explicitly declined to address the cognizability of Pastor Gallo's three proposed particular social groups—(1) "small business owners who report crimes to the local and state authorities," (2) "Peruvian women who the local authorities are unable and unwilling to protect," and (3) "family member and domestic partner of Mr. Melgarejo"—so our review is limited to the nexus determination.

dissatisfaction that Pastor Gallo had filed a police report accusing their "cousin" of fraud, they were not motivated by her status as a "business owner[] who report[s] crimes" so much as her report of one crime that they wanted her to retract. In this respect, the record does not "compel[] a contrary conclusion" to the agency's no-nexus determination. *Duran-Rodriguez*, 918 F.3d at 1028. Pastor Gallo's proposed particular social groups did not constitute "one central reason" or "a reason" for the harm that she suffered, pursuant to the respective requirements for asylum and withholding of removal. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C).

Substantial evidence also supports the agency's determination that Petitioners can be reasonably expected to internally relocate within Peru to avoid future harm. Here, the BIA adopted the reasoning of the IJ, who relied on Pastor Gallo's testimony that her parents could help her relocate and that none of her family members had been physically harmed since her departure. The IJ also noted that Pastor Gallo is "highly educated" and "has the type of business background that could be utilized anywhere." These findings are substantial evidence that Pastor Gallo could move elsewhere to avoid her alleged persecutors and, therefore, that she has not established the "reasonable possibility" of future persecution necessary for asylum eligibility. 8 C.F.R. § 208.13(b)(2)(i)(B). Consequently, she also fails to meet the higher "clear probability" threshold for withholding of removal. *Davila v. Barr*, 968 F.3d 1136, 1142 (9th Cir. 2020)

24-5039

(internal quotation marks omitted) ("An applicant who fails to satisfy the lower standard for asylum necessarily fails to satisfy the more demanding standard for withholding of removal.").

Finally, we uphold the denial of CAT relief because Pastor Gallo did not establish (1) that it is "more likely than not that [] she would be tortured if removed," and (2) that public officials would either "carr[y] out or knowingly acquiesce[] in" the torture. *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017) (internal quotation marks omitted). Pastor Gallo's fears of being assaulted and assertion that "the government cannot manage the level of violence in Peru" do not overcome the agency's factual determinations not only that she was never tortured, but also that the country conditions evidence did not demonstrate that officials would consent or acquiesce to her torture. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014) ("[E]vidence that a government has been generally ineffective in preventing or investigating criminal activities [does not] raise an inference that public officials are likely to acquiesce in torture."). Thus, Petitioners are ineligible for CAT relief.

**PETITION DENIED.[2]**

---

[2] The temporary stay of removal (Dkt. 10) will expire upon the issuance of the mandate.